# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

STEPHANIE A.,[1]

     Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner of Social Security,[2]

     Defendant.

Case No.: 3:22-cv-00349-VET

**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF No. 25]**

Before the Court is Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). ECF No. 25. Plaintiff's counsel, Mathew F. Holmberg, ("Counsel"), moves for attorney's fees in the amount of $22,877.75, with a credit to Plaintiff Stephanie A. ("Plaintiff") for the Equal Access to Justice Act ("EAJA") fees previously paid to the Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Counsel's Firm") in the amount of $4,200. *Id.* at 1. Defendant Commissioner of Social Security ("Agency" or "Commissioner") filed a response ("Response"). ECF No. 28. Having considered the

---

[1]  Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).

[2]  Frank J. Bisignano, Commissioner of the Social Security Administration, is automatically substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

parties' filings, applicable law, and the record before it, and for the reasons discussed below, the Court **GRANTS** the Motion.

## I.   BACKGROUND

On March 16, 2022, Plaintiff filed the Complaint seeking judicial review of the Commissioner's final decision denying disability insurance benefits. ECF No. 1. Prior to the filing of the Complaint, Plaintiff and Counsel entered into a Social Security Representation Agreement ("Fee Agreement"). ECF No. 25-1. Therein, the parties agreed that Counsel's fee for successful prosecution of this action would be "25% of the past-due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." ECF 25-1 at ¶ 4.

On January 20, 2023, pursuant to sentence four of 42 U.S.C. § 405(g), the parties jointly moved for judicial review of the issues in this action. ECF No. 19. On September 27, 2023, the Court vacated the Administrative Law Judge's ("ALJ") decision and remanded the case to the ALJ for further proceedings consistent with the opinion. ECF No. 21. On remand, the Commissioner issued a favorable decision and found Plaintiff disabled as of May 10, 2018. ECF No. 25-2 at 8. In a subsequent Notice of Award, the Commissioner awarded Plaintiff $91,511 in past-due benefits and withheld $22,877.75 of the past-due benefits for attorney's fees. ECF No. 25-3 at 4. On November 6, 2023, based on a joint motion, the Court awarded Plaintiff $4,200 in attorney's fees as authorized by EAJA. ECF No. 24.

Counsel now moves for (i) attorney's fees in the amount of $22,877.75 pursuant to 42 U.S.C. § 406(b) and (ii) an order directing Counsel's Firm to reimburse Plaintiff $4,200 for the EAJA fees previously awarded. ECF No. 25. Counsel's Firm expended a total of 19.18 hours, which includes 15.15 hours by Counsel and 4.03 hours by two paralegals, for an effective hourly rate of $1,192.79.[3] ECF Nos. 25 at 5, 11, 25-4. The requested fee

---

[3]   The effective hourly rate was calculated by dividing $22,877.75 by 19.18 total hours.

represents 25%[4] of Plaintiff's past-due benefits (the same percentage agreed upon in the Fee Agreement). In support of his request, Counsel submits the Fee Agreement, the Agency's Notice of Decision and Notice of Award, respectively dated July 9, 2024 and September 27, 2025 (ECF Nos. 25-2, 25-3), Counsel's billing statements (ECF No. 25-4), Fiscal Year 2023 Disability Decision Data (ECF No. 25-5),  Counsel's resume (ECF No. 25-6), and the U.S. Consumer Law Attorney Fee Survey Report 2017–2018 (ECF No. 25-7). Counsel argues, in part, that an award of $22,877.75 is reasonable compared to fee awards in other cases and given the results achieved. ECF No. 25 at 4–10.

On October 27, 2025, the Commissioner responded that it "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but requests that the Court direct Counsel to reimburse any fees previously received under EAJA. ECF No. 28 at 2–3. The Commissioner notes that Counsel worked 19.18 hours representing Plaintiff in this action. *Id.* at 2. As such, per the Commissioner, attorney's fees in the amount of $22,877.75 divided by 19.18 hours of work by Counsel would result in a reimbursement rate of $1,193 per hour worked by Counsel. *Id.* Plaintiff did not respond to the Motion and nothing in the record indicates that Plaintiff opposes the fee request. *See generally* ECF.

## II.     <u>LEGAL STANDARD</u>

Pursuant to the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . , who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In contrast to an EAJA award, which is paid by the government to the claimant, an award under Section 406(b) "allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits." *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991). Moreover,

---

[4]   The requested $22,877.75 in attorney's fees is the entire amount withheld by the Commissioner for fees. *See* ECF Nos. 25-3 at 4.

3

3:22-cv-00349-VET

attorneys may receive fees under both EAJA and Section 406(b) but must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002); *Parrish v. Comm'r Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

Fee determinations begin by "looking first to the contingent-fee agreement, then testing it for reasonableness." *See Gisbrecht,* 535 U.S. at 807–808 (concluding that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"); *see also Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). As such, the 25% statutory maximum fee is not an automatic entitlement, and "[w]ithin the 25 percent boundary . . . , the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807. In evaluating the reasonableness of an attorney's fees request, courts should consider "the character of the representation and the results the representative achieved." *Id.* at 808. As part of this evaluation, the court may "properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case," *i.e.*, the requested fees are excessively large in relation to the benefits achieved. *Crawford*, 586 F.3d at 1151 (noting there is no definitive list of factors to consider when determining whether a fee is reasonable). Further, as evidence of reasonableness, the court may require counsel to submit a record of hours spent and a statement of normal billing charges. *Id.*

## III.   DISCUSSION

Based on the reasonableness test articulated in *Gisbrecht* and *Crawford*, and review of the information submitted in support of the Motion, the Court finds that Counsel's request for $22,877.75 in attorney's fees is reasonable.

Beginning with the operative fee agreement, Plaintiff agreed to a fee of 25% of past-due benefits following reversal of any unfavorable ALJ decision. ECF No. 25-1. Because the Court vacated the Commissioner's unfavorable decision and the Commissioner issued

a favorable decision on remand, *see* ECF Nos. 22, 25-2, this fee provision is both applicable and within the statutory limit. *See* 42 U.S.C. § 406(b)(1)(A). Counsel seeks $22,877.75 in attorney's fees, representing 25% of Plaintiff's total past-due benefits. ECF No. 25 at 5. This amount is equivalent to the 25% statutory ceiling.

Turning next to the character of the representation, there is no evidence in the record of Counsel providing substandard performance. On the contrary, Counsel's Firm expended a total of 19.18 hours reviewing the underlying "record," drafting the Complaint, communicating and corresponding with Plaintiff and/or Agency counsel, researching and drafting the motion for judicial review and reply, and preparing the request for EAJA fees. *See* ECF No. 25-4. Within those 19.18 hours, Counsel was able to secure a reversal of the Commissioner's decision and remand, ultimately resulting in an award of $91,511 in past-due benefits, plus $1,096 in ongoing monthly disability benefits. *See* 25-3 at 2, 4. This is a substantial award and significant benefits for Plaintiff.

Also, there is no evidence of delay or dilatory conduct by Counsel. Although Counsel sought an extension to serve Plaintiff's portion of the Joint Motion for Judicial Review, the Court continued the deadline by only two weeks. ECF No. 18 at 2. Thereafter, Counsel met the remaining court ordered deadlines and worked with the Commissioner to file the joint motion several days before the updated deadline. ECF No. 19.

The Court further recognizes that a fee request for $22,877.75 based on 19.18 hours of work reflects an effective hourly rate of $1,192.79. ECF Nos. 25 at 5, 25-4. This figure, however, is within the range of fees awarded in several cases in this District, with hourly rates ranging from $1,438 to $1,990. *See, e.g., Luzette B. v. King*, No. 23cv483-MSB, 2025 U.S. Dist. LEXIS 19011, at *7 (S.D. Cal. Feb. 3, 2025) (awarding fees representing 20.52% of plaintiff's past-due benefits for an effective hourly rate of $1,573.03 where counsel spent 7.4 hours and the paralegal spent 1.5 hours on plaintiff's case); *Habibullah A. v. Colvin*, No. 20cv1971-AGS, 2025 U.S. Dist. LEXIS 14261, at *3 (S.D. Cal. Jan. 27, 2025) (awarding fees representing 23% of plaintiff's past-due benefits for an effective hourly rate of $1,707.31 where counsel spent 20.5 hours and the paralegal spent 2.6 hours on plaintiff's

case); *Watkins v. O'Malley*, No. 21cv101-BLM, 2024 U.S. Dist. LEXIS 93524, at *6–8 (S.D. Cal. May 24, 2024) (awarding fees representing 25% of plaintiff's past-due benefits for an effective hourly rate of $1,566 for a combined 20 hours spent by the attorney and paralegal on plaintiff's case); *Roland S. v. Kijakazi*, No. 20cv01068-AHG, 2023 U.S. Dist. LEXIS 189176, at *9 (S.D. Cal. Oct. 20, 2023) (awarding fees representing 15.54% of plaintiff's past-due benefits for an effective hourly rate of $1,438.35 where counsel spent 5.36 hours and the paralegal spent 3.4 hours on plaintiff's case); *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 U.S. Dist. LEXIS 91736, at *5–6 (S.D. Cal. May 30, 2019) (on reconsideration, awarding fees representing 19.45% of plaintiff's past-due benefits for an effective hourly rate of $1,990.74 where counsel spent 18.2 hours and the paralegal spent 3.4 hours on plaintiff's case).

Moreover, the Court notes that Counsel agreed to the representation on a contingency fee basis. As such, Counsel assumed a substantial risk of not recovering any attorney's fees. *See Ayersman v. Berryhill*, No. 17-cv-1121-WQH-JMA, 2021 U.S. Dist. LEXIS 1253, at *6–7 (S.D. Cal. Jan. 5, 2021) (recognizing "there runs a substantial risk of loss" with contingency contracts). Having achieved an excellent outcome for Plaintiff, the Court will not penalize Counsel for his efficiency in this action. *Id.* at *6–7 ("Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context.").

In sum, the Court sees no basis to reduce the fee award requested. As to the EAJA fees, Counsel may not keep attorney's fees awarded under both EAJA and Section 406(b). Accordingly, Counsel's Firm shall refund the smaller fee to Plaintiff. *Gisbrecht*, 535 U.S. at 796.

## IV.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion (ECF No. 25) and awards the Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney's fees in the amount of $22,877.75. The Court further **ORDERS** the Law Offices of Lawrence D. Rohlfing,

3:22-cv-00349-VET

Inc., CPC to reimburse Plaintiff the amount of $4,200 for the EAJA fees previously awarded by this Court.

**IT IS SO ORDERED**.

Dated: March 23, 2026

_____

Honorable Valerie E. Torres
United States Magistrate Judge

3:22-cv-00349-VET